## Commonwealth v. Martinez

*Daniel L. Howsare, District Attorney*, for Commonwealth.
*Barry R. Scatton*, for defendant.

VAN HORN, *J.*, January 11, 1980—In his petition filed December 21, 1979, for habeas corpus relief and for reduction of bail, defendant, Donald M. Martinez, contends (1) that the evidence pre-

sented at his preliminary hearing was insufficient to establish a prima facie case either of risking catastrophe or of recklessly endangering another person, and (2) that the bail set by the issuing authority is excessive.

Risking catastrophe and recklessly endangering another person are defined in our Crimes Code as follows:

"Risking Catastrophe.—A person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means listed in subsection (a) of this section." 18 Pa.C.S.A. §3302(b).

"Recklessly Endangering Another Person.—A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. §2705.

It will be noted that the crux of both offenses is a hazard recklessly created by the accused. The harm contemplated by section 3302 is a "catastrophe," and that contemplated by section 2705 is "death" or "serious bodily injury." In each instance it must appear that the harm in question could have resulted from the actor's conduct.

The term "catastrophe" is not precisely defined in the Crimes Code. However, our Supreme Court in Com. v. Hughes, 468 Pa. 502, 514, 364 A. 2d 306 (1976), observed that: "Reading sections (a) and (b) together, it is clear that the forces and substances intended to be regulated are those which are capable 'of causing . . . widespread injury or damage.' Thus, construing Section (b) in accordance with the fair import of its terms the word 'catastrophe' is intended to be synonymous with 'widespread injury or damage.'"

The Commonwealth's evidence does not demonstrate that the alleged action of defendant was capable of causing injury or damage so widespread as to constitute the type of extraordinary disaster connoted by the term "catastrophe." Therefore, we conclude that the Commonwealth has failed to establish a prima facie case with respect to the charge of risking catastrophe.

"Serious bodily injury" is defined in the Crimes Code as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. §2301. The concept of recklessness is defined as follows:

"A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation." 18 Pa.C.S.A. §302(b)(3).

A reckless person is one who, being aware of a risk created by his actions, nevertheless disregards the risk, and that disregard on his part amounts to a gross deviation from the standard of care a reasonable person would observe. Whether or not a person acts recklessly depends upon the facts and circumstances of the particular case.

The accused in this case is an adult member of the armed forces. The Commonwealth's evidence indicates that he intentionally detonated a hand grenade simulator in a hallway of the Bedford High School while school was in session. No person other than defendant was in the immediate vicinity at the time; however, the high school principal and a teacher were standing about 30 feet distant in an intersecting hallway. The device was marked "dangerous;" the explosion was described as a very loud one; the physical condition of the hallway after the incident was consistent with an explosion of considerable violence; and the high school principal asserts he sustained a permanent hearing impairment from the blast.

We are satisfied the foregoing establishes at least prima facie: (1) that the device was capable of causing serious bodily harm; (2) that the manner, time and place in which it was detonated created a situation where potential risks of serious bodily injury to others were actually present; (3) that the defendant exploded the device; and (4) that he acted recklessly when he did so. Therefore, we conclude the Commonwealth has established a prima facie case of recklessly endangering another person: Com. v. Trowbridge _____ Pa. Superior Ct. _____, 395 A. 2d 1337 (1978); Com. v. Holguin, 254 Pa. Superior Ct. 295, 385 A. 2d 1346 (1978).

Insofar as defendant's application for reduction of bail is concerned, we are persuaded that it should be granted. The most serious offense with which he will now stand charged is a misdemeanor of the second degree. There is no suggestion that he poses a threat of immediate physical harm to himself or others. He waived extradition after he was arrested

at Pope Air Force Base, North Carolina. He intends to return to duty with the air force at that place. He has assured the court he will appear for trial, and the Commonwealth has presented no evidence which indicates that he will not do so. In our opinion bail in the amount of $5,000 is adequate in this case.

Wherefore, we enter the following

## ORDER

And now, January 11, 1980, the order of the court is as follows:

(1.) The charge of risking catastrophe filed against Donald M. Martinez, defendant in this case, is hereby dismissed by reason of the failure of the Commonwealth to establish prima facie his guilt of that offense.

(2.) Bail in this case is hereby fixed in the amount of $5,000, and defendant shall be entitled to be released from custody upon posting bail in that amount.